**SCOTT MANAGEMENT COMPANY and Grosvenor North Apartments, Plaintiffs-Appellants,**

v.

**NATIONAL LABOR RELATIONS BOARD, Defendant-Appellee.**

No. 79–1537.

United States Court of Appeals, Sixth Circuit.

Aug. 25, 1980.

Irwin M. Alterman, Hyman, Gurwin, Nachman, Friedman & Winkelman, Southfield, Mich., for plaintiffs-appellants.

Elliott Moore, Deputy Associate Gen. Counsel, Aileen Armstrong, N.L.R.B., Washington, D.C., Bernard Gottfried, Director, Region 7, N.L.R.B., Detroit, Mich., for defendant-appellee.

Before WEICK, CELEBREZZE and MARTIN, Circuit Judges.

ORDER

This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.

Plaintiffs appeal from a judgment which ordered that a hearing officer's report was exempt from public disclosure under 5 U.S.C. § 552(b)(5), (Exemption 5), which relates, in relevant part, to intra-agency letters and memoranda.

Subsequent to the District Court's judgment, this Court rendered an opinion addressing the purpose and scope of Exemption 5 and thoroughly analyzing the burdens and responsibilities of parties involved in an action seeking disclosure of documents under the Freedom of Information Act. *Park, Davis and Company v. Califano, Secy. of HEW*, 623 F.2d 1 (6th Cir. 1980). This Court stated, that: "The ultimate burden which [the NLRB] must carry is to show that information of the type it seeks to withhold would not flow freely within the agency unless protected from public disclo-

sure." *Id.* at 6. Inasmuch as this decision was not available to the District Court and as it also appears that the defendant-appellee has conceded that the report is an innocuous document (appendix page 31) and is not, in practice, relied upon by the Regional Director in arriving at his decision on the merits (Record Entry 13, page 5), it is determined that this cause should be reconsidered in light of this Court's intervening decision on this subject and that the two page report should be examined *in camera* to determine if this "innocuous" document would not flow freely within the agency unless protected from public disclosure.

It is, accordingly, ORDERED that this cause be and hereby is remanded pursuant to Rule 9(d)4, Rules of the Sixth Circuit, for the reasons hereinabove expressed.